## Reichard v. Atwood Fire Insurance Company.

*Stewart & Gerber*, for plaintiff.

*George S. Love* and *Horace Michener Schell*, for defendant.

NILES, P. J., June 15, 1928.—Sept. 13, 1928, the above-entitled action was on the same trial list with three other cases by the same plaintiff against other insurance companies, and by agreement of counsel the outcome is to determine the liability in the four cases.

The property insured was the buildings and plaintiff's stock of tobacco, cigars and other property therein located.

A fire occurred in one of the buildings Sept. 9, 1925, and the actions were brought against the various companies for damage to building and contents.

The total insurance carried was $64,000 on buildings and $109,745.45 on contents.

Plaintiff claimed a loss on the building of $341.66, and on contents over $109,000.

At the end of the trial, with the approval of counsel on both sides, the jury was asked, in addition to the regular verdict, to answer certain pertinent questions regarding their conclusions from the evidence.

The first question was: "What was the market value immediately before the fire of Sept. 9, 1925, of the insured tobacco, cigars, &c., which plaintiff claims were damaged?" The jury's answer to this was: $116,374.09."

The second question was: "What was the value of what remained of the same personal property after the fire?" To which the answer was: "$108,-374.09."

The third question was: "What was the loss on the contents of the building by reason of the fire?" To which the answer was: $8,000.00."

The fourth question was: "What is your verdict?" To which the answer was: "For plaintiff."

"If you find a verdict for the plaintiff, it should be for at least the admitted damage to the buildings, $26.69, plus 5/162 of the figure given as your answer to the third question." To which the jury gave an answer, $246.91. Total, $273.60. With interest from Dec. 27, 1925, to Sept. 17, 1926, $12.31. A total verdict in favor of the plaintiff and against the defendant of $285.91.

Sept. 20, 1926, plaintiff made a motion for a new trial with only formal exceptions, without specification, that the verdict was against the law and the evidence and the weight of the evidence; that the court erred in its charge to the jury and in rejecting testimony offered by the plaintiff, and admitting testimony offered by the defendant against the objection and exception of the plaintiff.

June 4, 1928, additional reasons were filed on behalf of the plaintiff, based upon the assertion that since the trial of this case in this court, in which the total loss was found by the jury to be $8000, in another case of John F. Reichard v. Atwood Fire Insurance Co., No. 45, April Term, 1926, originally in this court and removed to the United States Court for the Middle District of Pennsylvania, involving the same fire and the same loss; the jury trying the last-mentioned case rendered a verdict finding the same loss to have been $35,000. That the motion for a new trial was withdrawn and judgment entered in the United States District Court in favor of the plaintiff, based upon the finding by the jury in that court that plaintiff's loss was $35,000. That the trial in the United States District Court covered seven other cases removed to that court from this court, and, according to agreement of parties, the order of the court was determined by the final result in the Atwood case. And that the defendants in those eight cases are now preparing to pay in accordance with the verdict in the case tried in the United States District Court.

These additional reasons were urged as persuasive evidence that the verdict found in this court is not a just verdict and should be set aside.

The result of the trial in the United States District Court does not seem to this court persuasive in our consideration of the motion for new trial here.

It is no more probable that the verdict upon the evidence in this court was less than it should have been, than that the verdict in the United States Dis-

trict Court upon the evidence there produced was more than it should have been.

The action of this court necessarily must be governed by our best judgment upon a review of the record as it stands here, in the light of the arguments of the able and industrious counsel on both sides.

Upon such review, we are not convinced that the verdict of the jury in this case here was against the law or the evidence, or the weight of the evidence.

As to the formal objections that the court erred in its charge and direction to the jury, and in its rulings upon offered testimony, although not specified in any of the reasons filed, certain criticisms at the argument were made by counsel for the plaintiff to which the court *in banc* has given attention.

We are not convinced of any error committed by the trial judge in the admission or rejection of testimony, and a suggestion of undue emphasis in the charge upon some of the evidence as prejudicial to the plaintiff appears, upon examination of the whole charge, to be unsubstantial.

At the end of the charge, counsel for plaintiff asked for a general exception, which was allowed, with the right to file specifications, the judge saying: "Except that anything that I have omitted to charge upon, or any objection of that sort, ought to be stated now." To which Judge Stewart, of counsel for the plaintiff, replied: "I have nothing of that kind in mind."

All of the reasons offered in support of the motion for a new trial are without substantial merit.

And now, to wit, June 15, 1928, the rule granted Sept. 20, 1926, is discharged, the motion for new trial and in arrest of judgment is refused, and judgment is entered in favor of the plaintiff and against the defendant for $285.91, with interest from Sept. 17, 1926, in accordance with the verdict, with costs, upon payment of the jury fee.

From Richard E. Cochran, York, Pa.